UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCISCO R. TAVIRA,

    Petitioner,

v.                                                  CASE NO. 8:11-CV-1010-T-27TGW
                                                  CRIM. CASE NO. 8:09-CR-453-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    Petitioner, through counsel, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (CV Dkt. 1). Petitioner challenges his 2009 guilty plea conviction for distribution and possession with the intent to distribute 50 grams or more of methamphetamine (CR Dkts. 49, 55, 76). Petitioner contends that his trial counsel rendered ineffective assistance by failing to inform him that his guilty plea carried a risk of deportation.

    The government filed a motion to dismiss (CV Dkt. 6) in which it contends that Petitioner's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period. The government also asserts that Petitioner's claim does not warrant relief. Petitioner filed a response to the government's motion to dismiss (CV Dkt. 8). Upon consideration, the Court concludes that Petitioner's § 2255 motion should be denied because it is time-barred and does not warrant relief.

## DISCUSSION

    The timeliness of Petitioner's § 2255 motion is governed by 28 U.S.C. § 2255(f). § 2255 (f)

provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On December 30, 2009, Petitioner pleaded guilty pursuant to a written plea agreement (CR Dkts. 49, 55, 76). On March 22, 2010, he was sentenced to 87 months imprisonment to be followed by 60 months supervised release (CR Dkt. 63). The Court entered its judgment on March 23, 2010 (CR Dkt. 66). Petitioner did not file a direct appeal. Therefore, the judgment of conviction became final on April 6, 2010, upon expiration of the time for Petitioner to file a direct appeal. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (when defendant does not file a direct appeal, conviction becomes final 10 days after the district court's judgment is entered) (citing Fed. R.App. P. 4(b)(1)). Petitioner had until April 6, 2011, in which to file his § 2255 motion. Petitioner did not file the instant § 2255 motion until May 6, 2011 (CV Dkt. 1 at 1). Consequently, his § 2255 motion is untimely under § 2255(f)(1).

Petitioner argues that his § 2255 motion is timely under § 2255(f)(4) because immigration services initiated removal proceedings against him on July 21, 2010. Therefore, he contends, his §

2

2255 motion filed on May 6, 2011 was timely, as it was filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4).

Under § 2255(f)(4), the statute of limitations begins to run "when a duly diligent person in petitioner's circumstances would have discovered" the facts supporting a particular claim. *Wims v. United States*, 225 F.3d 186, 190 (11th Cir. 2000). During the plea hearing on December 30, 2009, the Court clearly informed Petitioner "that as a result of a conviction for this offense that, after you have served your prison sentence, *you will be removed to Mexico* and that thereafter it would be extremely unlikely, if not impossible, for you to come back into this country lawfully." (CR Dkt. 76 at 25). Petitioner then acknowledged that he understood what the Court had explained to him (Id.). Therefore, at the time of the plea hearing, Petitioner not only knew that deportation was a possible consequence of his conviction, but that it was mandatory. Petitioner could have discovered through the exercise of due diligence that he was deportable as early as December 30, 2009, when this Court informed him that the conviction would lead to his removal from the United States to Mexico. *See, e.g., Tacata v. United States*, 2007 U.S. Dist. LEXIS 32470, 2007 WL 1303018, at *2 (D. Haw. 2007) ("Tacata could have discovered through the exercise of due diligence that he was deportable as an aggravated felon as early as March 18, 2005, when the Magistrate Judge told him that his guilty plea "might" affect his right to remain in the United States."). Accordingly, Petitioner's § 2255 motion is untimely under § 2255(f)(4).

A petitioner cannot file a § 2255 motion after the expiration of the one year limitation period unless he is entitled to an equitable tolling of the statutory period. Petitioner has not established that he is entitled to equitable tolling.

3

The Eleventh Circuit has held that an extension of time in which to file a § 2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. *See Diaz v. Secretary for the Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004).

To the extent Petitioner's response to the government's motion to dismiss may be construed as alleging entitlement to equitable tolling on the ground that Petitioner "does not speak English..." (see CV Dkt. 8 at 1), Petitioner's inability to speak English is not a basis for equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)) (inability to read and speak English is not in itself a sufficient basis for equitable tolling). Moreover, the record belies Petitioner's claim that he does not speak English. During the change of plea hearing, Petitioner admitted that he spoke "[a] little bit" of English (CR Dkt. 76 at 2). In any event, an interpreter was provided to Petitioner during the change of plea hearing (Id.), and Petitioner clearly indicated that he understood that his conviction would lead to his deportation from the United States (Id. at 25).

Accordingly, for the foregoing reasons, Petitioner's § 2255 motion is time-barred.

Even assuming Petitioner's § 2255 motion was timely filed, he demonstrates no entitlement to relief. Petitioner asserts that defense counsel's performance was constitutionally deficient because he failed to advise him that a guilty plea would subject him to possible deportation. The test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) includes

4

establishing that: 1) counsel's representation fell below an objective standard of reasonableness; *and* 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), the United States Supreme Court held that effective assistance required counsel to provide the client with available advice about an issue like deportation and the failure to do so satisfies the first prong of the *Strickland* analysis. Therefore, under *Strickland*, even if defense counsel failed to advise Petitioner of the adverse immigration consequences of the plea,[1] Petitioner must still establish prejudice. He has failed to do so.

To establish prejudice in the instant case, Petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S.Ct. at 1485 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). Petitioner does not demonstrate nor even allege that he would not have entered into the plea agreement had counsel informed him that his guilty plea carried a risk of deportation. Moreover, Petitioner has not proclaimed his innocence or alleged any potential defenses to the charges against him. *See Upshaw v. United States*, 2008 U.S. Dist. LEXIS 16985, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) ("The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial.") (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Finally, Petitioner received clear and unequivocal information from this Court regarding the immigration consequences of his plea. Therefore,

---

[1] The Court notes that attached to the government's motion to dismiss is defense counsel's affidavit in which he states in pertinent part that while his file on Petitioner does not have a specific note regarding a discussion with Petitioner regarding his "immigration status," it was "always [his] policy to explain to any criminal defendant[] who does not have citizenship that a conviction will result in their being deported after the service of their sentence." (CV Dkt. 6, Ex. 1, ¶ 5). Counsel further attests that "I am certain that I would have instructed [Petitioner] as to these deportation consequences. . . ." (Id. at ¶ 8).

Petitioner fails to show prejudice because he has not demonstrated a reasonable probability that the result would have been different, i.e., that he would not have chosen to accept the plea agreement, but for counsel's error.

## Conclusion

The Court finds that Petitioner's § 2255 motion was filed more than one year after his conviction became final, and for reasons discussed above, he has not demonstrated that the claim presented in the § 2255 motion should be subject to equitable tolling of the limitation period. Further, even if the § 2255 motion was timely filed, it fails on the merits.

ACCORDINGLY, the Court **ORDERS** that:

1. The government's motion to dismiss (CV Dkt. 6) is **GRANTED**, and the motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack*

*v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, and his claim is without merit, Petitioner cannot satisfy either prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on November 28th, 2011.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
Counsel of Record